FRANK ZORRILLA, at present ALFREDO NAZARIO, SECRETARY OF LABOR OF PUERTO RICO, on behalf and for the benefit of the worker ANTONIA ROMÁN FUENTES, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, A. D. MARCHAND PAZ, JUDGE, Respondent.

No. C-65-73.    Decided February 2, 1966.

*Manuel Janer Mendía* and *Sigfredo A. Irizarry* for petitioner.

First Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Hernández Matos, Mr. Justice Rigau, and Mr. Justice Dávila.

JUDGMENT

San Juan, Puerto Rico, February 2, 1966

On October 4, 1961, the Secretary of Labor, on behalf and for the benefit of the worker, Antonia Román Fuentes,

filed before the District Court, San Juan Part, a complaint against Mr. Agustín Pérez Rodríguez, attorney, claiming the amount of $129.30 by way of the difference between the wage earned by the worker and the minimum wage provided by law, plus an equal sum as penalty. Plaintiff received copy of an answer to the complaint but the original thereof does not appear filed in the record. On December 27, 1962 the District Court granted to defendant a term of 10 days to file the original of the answer to the complaint, which he never did, as alleged by plaintiff. In January 1965 plaintiff filed a motion for summary judgment in his favor. He attached to that motion sworn statements of the worker and of an Investigator of the Bureau of Labor Standards, which clearly established the right of the worker to the sums claimed. The defendant failed to answer the motion for summary judgment and, this notwithstanding, the District Court refused to enter summary judgment for plaintiff and for that purpose it entered an order on May 12, 1965.

To review the aforesaid order plaintiff brought a petition for certiorari before the Superior Court, San Juan Part. Said court denied the writ requested.

In turn we issued a writ of certiorari to review the order of the Superior Court.

The Superior Court should have issued the writ and reviewed the proceedings had in the District Court. According to the allegations of the petition the district judge acted erroneously in not rendering judgment against defendant for failure to answer the complaint or in not entering the summary judgment requested by plaintiff.

The order of the Superior Court, San Juan Part, of June 22, 1965 will be reversed and the case remanded to that court for issuance of the writ requested and to decide then what is proper at law.

It was so decreed and ordered by the Court as witnesses the signature of the Chief Justice. Mr. Justice Rigau ex-

plains his vote separately, with which Mr. Justice Dávila agrees.

(s) Luis Negrón Fernández

*Chief Justice*

I attest:

(s) Joaquín Berríos
*Acting Secretary*

—O—

Separate opinion of Mr. Justice Rigau and Mr. Justice Dávila.

San Juan, Puerto Rico, February 2, 1966

We are agreeable with the judgment rendered in this case. We believe, however, that in the best public interest and in the best interest of the administration of justice in Puerto Rico, it is well to make additional statements.

The present case represents an anomaly which we must point out in order to reprove it. The action involved in this case was brought in October 1961 under the authority of certain legislation which establishes a proceeding of "summary" character for the prosecution of this type of claims. This Court has said that the primary purpose of that summary proceeding is to expedite the prosecution and decision of the action.

In 1961 the Secretary of Labor of Puerto Rico, on behalf of the worker, petitioner herein, filed the present complaint against an attorney claiming $129.30 by way of salaries, plus the sum provided by law as penalty. Although plaintiff received copy of an answer to the complaint, the court did not receive the original thereof, and on December 27, 1962— three years ago—a Part of the District Court granted to defendant a term of 10 days to file in court the original of the answer to the complaint. He did not do so.

In January 1965 plaintiff filed a motion for summary judgment in his favor. He attached to that motion the necessary affidavits "establishing clearly the right of the worker to the sums claimed", as stated in the judgment of this Court.

Notwithstanding defendant's failure to answer the motion for summary judgment, the District Court refused to render judgment against defendant attorney and for plaintiff, notwithstanding it was its duty to do so. Rule 36.5 of the Rules of Civil Procedure.

Upon realizing that his case and the law had been defeated in the District Court, plaintiff, acting within the law, petitioned the Superior Court to review by certiorari the proceedings had in the District Court. Notwithstanding the provisions of the aforesaid Rule and of § 4 of the law for these cases provided, 32 L.P.R.A. § 3121 (in the sense that if defendant fails to file his answer within the term provided by law, "the judge shall render judgment against defendant, at the instance of complainant, granting the remedy sought"), on June 22, 1965, the Superior Court denied the writ of certiorari requested.

The judgment which we have rendered reverses that order of the Superior Court and directs that the case be remanded to that court for issuance of the writ requested and to decide accordingly.

The study of the complete record of the case leads us to believe that the attitude of the District Court in refusing to render judgment, as well as that of the Superior Court in refusing to review such action, may have been due in no small measure to the circumstance that defendant is a member of the legal profession. If that were the situation, it will suffice to say that this conclusion is extraneous to the duty of impartial adjudication of the controversies before the courts. Before the courts and before the law all persons are entitled to equal treatment. It would be improper to

disregard that elementary and basic rule because of considerations of a mistaken fellowship which not only contravenes the good administration of justice but which in reality would injure, if it subsisted, the entire worthy legal profession. We urge all brother judges and attorneys to prevent the occurrence of cases such as this.